ELEANOR S. GELTMAN, PETITIONER-RESPONDENT, v. RE-
LIABLE LINEN AND SUPPLY COMPANY, RESPONDENT-
APPELLANT.

Argued October 7, 1941—Decided December 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the petitioner-respondent, *David Roskein* (*Harry Cohen*, of counsel).

For the respondent-appellant, *Clarence B. Tippett*.

The opinion of the court was delivered by

PORTER, J. This is a workmen's compensation case and is before us on a writ of *certiorari* to review a judgment of the Essex County Court of Common Pleas which affirmed an award of compensation to the respondent.

It appears that Isidore E. Geltman was employed by Reliable Linen and Supply Company, the appellant, as a solicitor or salesman, furnishing his own automobile with which to call upon the trade and for which he received a certain allowance in addition to his compensation. On the morning of January 14th, 1938, after receiving instructions from his employer regarding calls to be made that day in Paterson, he started to go there and while driving his automobile along Clinton Avenue, Newark, came to the intersection of Clinton Avenue and High Street where he made a left turn into High Street and there became involved in an acrimonious verbal altercation with two occupants of another automobile directly following his car. Those men, hereinafter called third parties, voiced their objection to Geltman because of the manner in which he operated his car in suddenly stopping at the intersection without giving any warning signal of his intention. After the turn into High Street was made by Geltman the third parties followed and forced him to drive to the side of the road and stop. They got out of their car and came to the Geltman car, opened the door of his car and continued the quarrel. Geltman remained seated behind his driver's wheel. Violent and abusive language was used by all three men and finally one of the third parties threatened him with bodily violence by reaching into the car and either attempted to strike him or pull him from the car. Simultaneous with that Geltman suddenly slumped in his seat overcome with a heart attack and died before aid reached him.

An autopsy was performed the day of the death and showed that the deceased had arteriosclerosis of the left coronary of the heart which had existed for a period of years and that death was caused by a. fibrillation of the heart precipitated by the emotional excitement existing under the circumstances.

The question presented is whether or not this death resulted from an accident arising out of and in the course of employment within the meaning of the Workmen's Compensation Act, *N. J. S. A.* 34:15, *et seq.*

It is to be noted that there was no collision between these automobiles, that there were no indications of any traumatic injuries by physical contact. The appellant argues therefore that there was no accident resulting from a risk incident to the employment and arising out of and in the course of the employment.

We think that there was not an occupational accident within the meaning of the statute, *supra.*

Death from heart failure produced by accidental strain arising out of and in the course of the employment where a pre-existing disease of the heart existed and where there was an absence of traumatic injury by physical contact has been settled to be a compensable accident. *Bernstein Furniture Co.* v. *Kelly,* 115 *N. J. L.* 500; *Azarowicz* v. *Metropolitan Beef Co.,* 118 *Id.* 89; *Hentz* v. *Janssen Dairy Corp.,* 122 *Id.* 494. We think, however, that those cases are distinguishable from the instant case because in each of them there was found to be an accident within the meaning of the statute in that while performing their work the physical strain or effort thereof caused heart failure which arose out of and in the course of the employment. The dispute here (unlike the shock in *Hall* v. *Doremus,* 114 *Id.* 47) was not reasonably incident to the employment nor such as the employer might reasonably have anticipated. It was entirely foreign to the employment, therefore the death is not compensable.

It follows that the judgment under review must be reversed.